IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ADRIAN GUZMAN,

Defendant.

Criminal Action

No. 08-10106-05

MEMORANDUM AND ORDER

Presently before the court is the defendant's motion seeking clarification of his sentence (Dkt No. 384) filed on June 16, 2009. The government filed its response (Dkt. No. 413). The court held a hearing on this matter on July 13, 2009.

When Guzman was indicted in this case he was in the Kansas Department of Corrections' custody serving a sentence set to expire on November 5, 2010. On May 28, 2009, he was sentenced on two counts of distribution of cocaine that the court indicated should run concurrently. The court did not address the issue of whether the defendant's federal sentence would run concurrently or consecutively to his Kansas Department of Corrections sentence. The Federal District Clerk entered the judgment on June 1, 2009.

The court looks to 18 U.S.C. § 3584(a) and 18 U.S.C. § 3585 to determine whether state and federal sentences should run concurrently or consecutively to each other. "There is a presumption that a federal sentence imposed after a prior state sentence will be served consecutively to the state sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002). "The absence of any reference to the concurrent or consecutive nature of the federal sentence . . . did not create an ambiguity."

*Miller v. Willingham*, 400 F.2d at 873, 875 (10th Cir. 1968); *See also Anderson v. United States*, 405 F.2d 492, 493 (10th Cir. 1969) ("Many of our cases have held that a federal sentence is consecutive to the state sentence, even when no reference is made to the state sentence, absent an ambiguity.")

Guzman relies on Fed.R.Crim.P.36 as authority for his motion for clarification. Fed.R.Crim.P.36 allows the court to correct an error in the record arising from oversight or omission. The court did not specifically address the concurrent/consecutive sentence issue at the time of sentencing, and acknowledges that the issue was not a factor in the court's thinking at the time of sentencing,  there is no ambiguity – by operation of statue, as noted above, the sentences run consecutively and not concurrently.  The court denies defendant's motion for clarification of his sentence (Dkt. No. 384)

IT IS SO ORDERED this 15th day of July, 2009.

s/ J. Thomas Marten          
J. THOMAS MARTEN, JUDGE